Brandon A v. NH Dept of Educ          CV-00-025-B     06/19/02

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Brandon A., by and through**
**his parent and next best friend,**
**David A., on behalf of himself and**
**all others similarly situated**

    **v.**                                    Civil No. 00-025-B
                                            **Opinion No. 2002 DNH 121**
**Nicholas Donahue, in his Official**
**Capacity as Commissioner of the New**
**Hampshire Department of Education**


### MEMORANDUM AND ORDER


By order dated April 5, 2002, I solicited submissions as to whether this case has been mooted by the State's implementation of a new regulatory regime ostensibly designed to ensure that due process hearings be held more expeditiously, that written decisions thereon be issued more promptly, and that New Hampshire's system for providing due process hearings be effectuated in full compliance with federal law.  In response, the Commissioner has filed a motion to dismiss arguing that the case is moot because the second amended complaint attacks the

lawfulness of a superseded regulatory regime.  Plaintiff has objected to that motion, invited me to treat the Commissioner's motion (which is supported by matter outside the pleadings) as one for summary judgment on the merits of the case, and filed his own motion for summary judgment on the merits.  In a nutshell, plaintiff's submissions (1) emphasize that his case theory, as reconstituted in the second amended complaint, is that the Commissioner has failed to provide a process for ensuring that most written decisions on due process hearings be issued within 45 days of the Commissioner's receipt of written notice requesting such a hearing, as is allegedly required by federal law; (2) clarify that, in plaintiff's view, the new regulations and practices that the Commissioner has adopted do not assure that most written decisions on due process hearings will issue within 45 days, <u>see</u> Memorandum of Law in Support of Plaintiff's Objection to Defendant's Third Motion to Dismiss and His Motion for Summary Judgment, at 4-10 (using statistics to show that, from 1989 through the present, few written decisions issued within 45 days); and (3) argue that the continuation of the Commissioner's unlawful conduct under the new regime renders this a live controversy.

I agree with plaintiff that the second amended complaint is premised on the theory that the Commissioner has violated federal law by failing to ensure that most written decisions on due process hearings be handed down within 45 days of the Commissioner's receipt of the hearing request. I also accept plaintiff's contention that, despite their greater focus on minimizing hearing delays, the new regulations and practices do not ensure that most written decisions on future due process hearings will be handed down within 45 days.[1] I thus conclude that, as presently formulated, this case is not mooted by the fact that a new regulatory regime has supplanted the one attacked in the second amended complaint. The basis for my conclusion is not the possibility that the Commissioner will return to his old, allegedly unlawful ways once this lawsuit concludes, see Adarand Constructors, Inc. v. Slater, Sec. of Transp., 528 U.S. 216, 222 (2000) (per curiam) (discussing the voluntary-cessation-of-challenged-conduct exception to the mootness doctrine); it is that plaintiff has taken the position that, despite the new regulatory regime, the challenged conduct (though perhaps less acute) is continuing, cf. Northeastern Fla. Chapter of the

---

[1]Indeed, the Commissioner admits that, of the 13 due process hearings held in 2001, only two were completed within 45 days.

Associated Gen. Contractors v. Jacksonville, 508 U.S. 656, 662 &

n.3 (1993) (rejecting mootness argument premised on the

alteration of a challenged statute after initiation of a lawsuit

because the statute had not been sufficiently altered to permit

the conclusion that its application would not work the same wrong

originally complained of).

That said, I will treat the Commissioner's motion as one for

summary judgment on the merits and grant the motion.  I do so

because the second amended complaint is premised upon a faulty

view of federal law; because there is no trialworthy issue

whether the new regulatory regime, facially or as-applied,

violates properly understood federal law;[2] and because there is

no reason to believe that the Commissioner will backtrack from

his commitment to comply with properly understood federal law

once this lawsuit concludes.

I start with the fact that federal law simply does not

require that most written decisions on due process hearings be

---

[2]In so stating, I reject plaintiff's attempt to supplement
the record on which he relied in moving for summary judgment by
attaching affidavits to his so-called "Reply Memorandum in
Support of Plaintiff's Motion for Summary Judgment" – a document
that itself was filed without the notice to the court that is
required by Local Rule 7.1(e)(1) when parties file reply
memoranda.

handed down within 45 days of the Commissioner's receipt of the hearing request. The relevant federal law with which the Commissioner must comply is set forth at 34 C.F.R. § 300.511(a) and (c). Section 300.511(a), upon which plaintiff focuses, obliges the Commissioner to "ensure that not later than 45 days after the receipt of a request for a hearing . . . [a] final decision is reached in the hearing . . . and . . . [a] copy of the decision is mailed to each of the parties." But Section 300.511(c) states that "[a] hearing . . . officer may grant specific extensions of time beyond the periods set out in paragraph[] (a) . . . of this section at the request of either party." Thus, on its face, federal law does not require that most due process hearings be completed within 45 days; it only requires that written decisions on due process hearings be issued within 45 days after the receipt of the hearing request unless a party is granted a specific extension of time beyond the 45-day-maximum.[3]

---

[3]In my August 8, 2001, memorandum and order, I stated that the requirement set forth in 34 C.F.R. § 300.511(a) "is intended to be the rule rather than the exception" and that "promptness [is] an indispensable element of the statutory scheme . . . ." Brandon A. v. Donahue, Civil No. 00-025-B, slip op. at 10 (Aug. 8, 2001). These statements did not imply that I agreed with plaintiff's thesis that there is a violation of federal law if most due process hearings over a certain span of time are not

As plaintiff must concede, New Hampshire's new regulatory regime appears on its face to go well beyond the requirements of federal law. The new regime not only requires that written decisions be issued within 45 days of receipt of the hearing request absent the granting to a party of a specific extension of time beyond the 45-day-maximum, <u>see</u> N.H. Code Admin. R. Ed. 1128.04, but it also imposes a good cause requirement for the granting of such specific extensions of time, <u>see</u> N.H. Code Admin. R. Ed. 1128.09. Moreover, the summary judgment record does not demonstrate that there is a trialworthy issue whether, under the new regulatory regime, hearing officers are failing to issue written decisions on due process hearings within 45 days in cases where no extension of time beyond the 45-day-maximum is requested,[4] or even that hearing officers are granting extensions of time beyond the 45-day-maximum without the good cause

_____

completed within 45 days. So long as those due process hearings which are not completed within 45 days were extended beyond the 45-day-maximum for specific periods of time at the request of a party, the delay in completing the hearings does not violate federal law. 34 C.F.R. § 300.511(c).

[4]There is evidence that, in a single consolidated case consisting of three due process hearing requests by the same parent, the case was completed within 46 days. In my view, this <u>de</u> <u>minimis</u> regulatory violation (which may or may not have occurred under the new regime, which went into effect on July 1, 2001), is an insufficient basis on which to proceed to trial.

unambiguously required by the new state regulations.  Finally, there is absolutely no evidence suggesting that the Commissioner will permit the emergence of a regime in which the requirements of federal law – i.e., the requirements of 34 C.F.R. § 300.511(a) and (c) – are routinely flouted after the conclusion of this litigation.  I therefore lack a basis to grant plaintiff the declaratory and/or injunctive relief that he seeks in this case. Cf. D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54-55 (1st Cir. 1999) (declining to award declaratory or injunctive relief, on grounds of mootness, with respect to a superseded statutory regime which the court did not view as likely to be reimplemented following the lawsuit).[5]

This lawsuit has prompted the State to give much-needed attention to the problems generated by delay in resolving disputes arising under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq.  But as reconstituted in

_____

[5]Even if I were wrong on this point and the evidence were sufficient to create a trialworthy issue as to whether defendant is strictly complying with federal law under the new administrative regime, the evidence (viewed in a light favorable to plaintiff) is certainly not sufficiently compelling to warrant the court oversight of the Commissioner's conduct that plaintiff seeks.  See Reno v. Catholic Social Servs., Inc., 509 U.S. 43, 57 (1993) (emphasizing that courts exercise equitable discretion in determining whether to issue declaratory and injunctive judgments against administrative agencies).

the second amended complaint and applied to the new regulatory regime enacted and implemented in 2001, the case raises no trialworthy issue. Thus, accepting plaintiff's invitation to treat the Commissioner's motion to dismiss [document no. 68] as a motion for summary judgment on the merits, I grant the motion and concomitantly deny plaintiff's motion for summary judgment [document no. 71]. The Clerk is directed to enter judgment accordingly and to close this case.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

June 19, 2002

cc: Ronald K. Lospennato, Esq.
    Nancy J. Smith, Esq.
    Gerald M. Zelin, Esq.
    John F. Teague, Esq.